Muriel Goldblatt, Plaintiff, v. Board of Education of the City of New York, Defendant.

Civil Court of the City of New York, Special Term, New York County, November 22, 1966.

*Henry C. Woicik* for plaintiff. *J. Lee Rankin, Corporation Counsel (Eugene M. Kaufman* of counsel), for defendant.

George Starke, J. Plaintiff, a female teacher, and a New York City resident, served on jury duty and now seeks to recover the differential between the salary she would have earned if she taught and the compensation she received as a juror. Both sides move for summary judgment.

Plaintiff contends that the Board of Education is discriminating against her because of her sex in compensating men teachers for jury duty and refusing to compensate women teachers therefor. Plaintiff further argues that such refusal is not only illegal but antisocial; that a local board of education may not penalize a teacher who fulfills her civic responsibility by serving on a jury; and that if local school boards were permitted to thus discourage teachers from serving on juries, the courts will find themselves without access to a sufficient number of people to serve upon juries.

Plaintiff is a member of UFT Local 2. The contract between the Board of Education and the union provides that only teachers who are " required " to serve on jury duty will receive full salary less compensation received as a juror. Section 483 of the By-Laws of the Board of Education provides that absence for " required " jury duty shall result in no salary deduction, except that the amount earned as a juror is to be remitted to the Board of Education.

The court finds that the board has not discriminated against the plaintiff because of her sex. Women are accorded greater **rights and courtesies than men in the matter of being called for**

jury service. A man is "required" to serve. A woman is automatically entitled to exemption by reason of being "A woman" (Judiciary Law, § 599, subd. 7). She can claim exemption by merely asserting she is a woman. She cannot be "compelled" to serve. I see nothing here which is antisocial or of a penal nature.

The plaintiff appears to be unduly worried about the courts having an adequate supply of jurors. She should not concern herself with this problem. It is one for the courts. It seems to me that a school would be better off if all teachers (male and female) were not taken away from the classroom for jury duty. The extended absence of a teacher interferes with, interrupts and impedes the ordinary progress the class would have made if the teacher were present. It is bad enough that the classroom is obliged to suffer by reason of a teacher's absence due to illness or some other necessary cause. I would not place jury duty in the category of an emergency or urgent necessity sufficient to warrant the harm done to students by virtue of a teacher's extended absence from the classroom.

If plaintiff, who is not "required" to serve and cannot be "compelled" to serve, feels that she has a greater public duty to render by service as a juror rather than teaching, that decision would be hers. It would be purely a voluntary one resting entirely on her discretion and choice. However, since the jury service was not "compulsory" or "required", she cannot recover the differential between the compensation received as juror and the salary for teaching she would have earned. This would be violative of the contract as well as the by-laws. She decided to make the sacrifice herself and therefore cannot ask the city to reimburse her for that voluntary act of sacrifice.

While the contract provides for arbitration, plaintiff skirted the arbitration machinery because of an adverse decision to her under identical facts, which should be *res judicata* for all union members.

Reliance is placed on a decision of the State Department of Education where the facts involved a teacher residing in Westchester County who served as a juror before she became a teacher and thereafter was "required" to serve, as she could no longer decline. In any event, the court is not impressed with the reasoning or logic of the Department of Education decision and, if the facts were the same, would decline to follow it, as being in derogation of the union contract and the board's by-laws. Section 3102 of the State Education Law referred to by plaintiff has no application at all to this subject matter.

The court notes that both counsel have ignored the following admonition in Weinstein-Korn-Miller, New York Civil Practice (vol. 4, par. 3212.05): " The practice of embodying argument on the facts and law in an affidavit, including the citation of authorities, is improper and is disapproved." In addition, the papers on behalf of the defendant incorrectly quote article IV of the contract, and while reference is made to section 483 of the by-laws, " which reads in part as follows ", nothing follows. The quote is lacking.

Defendant's motion for summary judgment is granted and the complaint is dismissed.